UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CAROLYN DOE and | ) | |
| JORDEN LOUIS DOE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-30019-MAP |
| | ) | |
| AMY BRIGGS, BARBARA CECE, | ) | |
| LANCE LAPOINTE, JANET RICE, | ) | |
| J.F. LUMMUS, MORGAN BURNS, | ) | |
| LAURA RUELI, ANN HUTCHINSON, | ) | |
| KIDS PLACE, and JOHN AND | ) | |
| JANE DOE 1-10 | ) | |
| HOUSE OF CORRECTION, et al., | ) | |
| | ) | |
| Defendants | ) | |

REPORT AND RECOMMENDATION
THAT COMPLAINT BE DISMISSED
April 2, 2013

NEIMAN, U.S.M.J.

 The purpose of this memorandum is to recommend that the fifty-one page complaint of Plaintiffs (Carolyn Doe and Jorden Louis Doe) against the above-captioned Defendants be dismissed. Defendants are various social workers with the Massachusetts Department of Children and Families ("DCF"), employees of the state Juvenile Court in Pittsfield and/or a nonprofit organization, the Berkshire County District Attorney's Office, and a court-appointed attorney. The court further recommends that, if Plaintiffs avail themselves of the opportunity to object to this recommendation (*see* footnote 3 *infra*), they be ordered to immediately provide their true names and agree to address their preparedness to proceed *pro se* at a hearing before the trial court .

## I. BACKGROUND

Plaintiffs' complaint asserts fourteen counts -- including claims of civil rights violations (right to privacy, access to the courts, Fourth Amendment, conspiracy, and supervisory liability), negligence, and intentional infliction of mental distress -- and seeks both damages and declaratory relief. Plaintiffs filed their complaint using the pseudonyms Carolyn Doe and Jorden Louis Doe, "Carolyn" being the mother of two minor children and residing in Pittsfield, Massachusetts, and "Jorden Louis" being her boyfriend and the father of one of the children. Although Plaintiffs' complaint specifically asserts that they are bringing this action "by undersigned counsel," it is not signed by an attorney but, rather, by the "Does" themselves proceeding *pro se*. They have also filed a Motion for Leave to Proceed Under a Pseudonym (Document No. 5). Beneath their "electronically signed" signatures on the motion, the following statement appears: "This and all related documents were prepared with the aid of Louis Piccone, Esq. admitted Pa. only." (Id.)

The court set the motion down for a hearing on February 27, 2013, and directed the Clerk to send the notice to the "Does" at their Pittsfield address. The court had two reasons for scheduling a hearing. First, the court wanted to address more fully the merits of Plaintiffs' motion and to discover their true names, the "Does" having represented their readiness "to make available, under seal their full, true names to the defendants and to this court to overcome any possible prejudice to defendants." (Plaintiffs' Memorandum in Support of Motion (Document No. 6) at 2.) Second, the court was concerned that Louis Piccone ("Piccone") may be again overstepping the boundaries of the authorized practice of law. *See Pease v. Burns*, 679 F.Supp.2d 161

(D.Mass. 2010). The Clerk's notice to the "Does," however, was returned "undeliverable as addressed" (Electronic Entry No. 10), whereupon the court on February 27, 2013, issued the following electronic order:

> In light of the fact that the mail to the *pro se* Plaintiffs (under the proposed pseudonyms) was returned as undeliverable (hence explaining Plaintiffs' failure to appear at the motion hearing this day), the Clerk shall send the instant order to Plaintiffs -- using the apparently true name of the female plaintiff -- notifying them that the hearing on their motion for leave to proceed under pseudonyms has been rescheduled to March 15, 2013, at 10:00 a.m. Plaintiffs are also notified that their failure to appear on March 15th will not only result in the denial of said motion but the dismissal of their lawsuit as well.

(Electronic Entry 11.) The "apparently true name" of Carolyn Doe, so the court thought, was "Elena Katz," whose name appears in the motion to proceed under pseudonyms; no other name is ever suggested for "Carolyn Doe" or, for that matter, "Jorden Louis Doe," in any other document filed with the court. As directed, the Clerk sent the February 27, 2013, order to "Elena Katz," but the March 15, 2013 hearing date came and went without either Plaintiff appearing. The court then denied the Motion for Leave to Proceed Under a Pseudonym, as it said it would, and now, in accord with its warning in the February 27, 2013 order, recommends that the complaint be dismissed.

## II. DISCUSSION

In recommending dismissal, the court respects the fact that individuals, including those who wish to proceed *pro se*, ought to have the opportunity to pursue appropriate claims in court. The court is also aware that Plaintiffs, or someone on their behalf, paid the filing fee for this action. (See Electronic Entry No. 2.) The court, however, is also concerned that neither Plaintiff appeared at the hearing and, relatedly, that Piccone, once again, was drafting documents on behalf of *pro se* individuals and thereafter

leaving them adrift in an unknown legal sea.  For example, in *Hohn v. Burke*, Civil Action No. 09-30143-MAP, like here, the plaintiff was suing employees of DCF (then known as the Department of Social Services) as well as the clerk-magistrate of the Juvenile Court in Pittsfield.  And, like here, the *pro se* plaintiff indicated that her complaint was "prepared with the aid of Louis A. Piccone, Esq.," who was "[a]dmitted in Pa and Patent Bar Only" and living in Dalton, Massachusetts.  The court granted the plaintiff's application to proceed *in forma pauperis* but placed her on notice that Piccone was not admitted to the practice of law in this District or, for that matter, this state and that, because of this, her ability to proceed *pro se* may well be jeopardized.  The court also called the plaintiff's attention to two previous matters which raised similar concerns, *Babeu v. Linker*, 08-cv-30127-MAP and *Babeu v. Linker*, 09-cv-30045-MAP, both of which were described by the court as attempts by Piccone "to play fast and loose with this court's rules governing appearances and practice by persons not members of the bar" and eventually dismissed.  The *Hohn* case too was dismissed when the plaintiff failed to oppose the defendants' motion to dismiss.  Here, however, the court was not able to inform Plaintiffs of these concerns because they failed to appear at the March 15th hearing.

In this regard, the court has no reason to believe that Plaintiffs did not receive the notice of the hearing sent to "Elena Katz" since, unlike the previous notice to the "Does," it was not returned as undeliverable.  Still, the court now believes that the "Elena Katz" whose name appears in Plaintiffs' motion may not be "Carolyn Doe"'s true name.  Curiously, there is an Elena Katz who was involved with Piccone in a civil action in the District of New Hampshire.  See *Katz v. McVeigh*, Civil Action No. 10-cv-00410-JL

(D.N.H. 2010). That complaint, which arose out of a custody dispute with the New Hampshire Department of Children, Youth and Families, was filed and signed by Ms. Katz and others proceeding *pro se*, as well as by Piccone as "attorney for plaintiffs pending admission pro hac vice." (Id. at Document No. 1.) Upon closer inspection, however, it does not appear that the Elena Katz in that action is the Carolyn Doe here, given the difference in their children's respective ages. It could well be, therefore, that the mention of "Elena Katz" in the instant matter is the result of a typographical error. This would not be unusual for Piccone, who prepared the relevant documents in both cases; the complaint in the New Hampshire case, for example, alleges that all the defendants "are located within the geographical jurisdiction of the Commonwealth of Massachusetts" (id. at ¶ 11), an obvious mistake.[1]

Presently, then, this court is left with the following facts: (1) a complaint which was obviously drafted by an attorney but not signed by one, (2) two unidentified *pro se* Plaintiffs, (3) the delivery of two notices of a hearing (regarding Plaintiffs' motion to proceed under pseudonyms) at the address reflected in the documents, one of which

---

[1] As it turns out, Piccone was allowed to appear *pro hac vice* in the New Hampshire matter but later withdrew after his license to practice in Pennsylvania had been suspended. See *Katz v. McVeigh*, 2012 WL 1379647, at *1 (D.N.H. April 20, 2012). Upon his reinstatement in Pennsylvania, Piccone moved for readmission *pro hac vice*. However, after cataloging a string of cases documenting Piccone's questionable behavior as an attorney, including some before this court, District Judge Joseph LaPlante found that he had "engaged in a pattern of behavior that has resulted in the wasting of judicial resources," thereby making "his admission *pro hac vice* inappropriate." Id. at *3 (citing *Kampitch v. Lach*, 405 F.Supp.2d 210, 217 (D.R.I. 2005)). Piccone filed an appeal of the decision but it was dismissed for lack of prosecution after he failed to respond to orders of the First Circuit. See *In re Katz*, No. 12-1683 (1st Cir. August 20, 2012). The New Hampshire litigation recently terminated when the court allowed the defendants' motions to dismiss. See *Katz v. McVeigh*, --- F.Supp.2d ----, 2013 WL 1090961, at *14 (D.N.H. March 15, 2013)

was returned as undeliverable, the other not, (4) Plaintiffs' failure to appear at the hearing despite the warning that the motion could be denied and the case dismissed, and (5), in the background, a Pennsylvania attorney who resides in Massachusetts and, through various artifices, attempts to practice law in jurisdictions in which he is not admitted.[2]

Piccone either does what he has attempted to do here, *i.e.*, have the *pro se* plaintiff indicate that documents filed were "prepared with the aid of Louis Piccone, 'Esq.,'" or stay in the shadows, or file pleadings with the hope (sometimes fulfilled) that another attorney may subsequently move for his admission *pro hac vice*. In the court's view, these are not the actions of an attorney who simply wishes to assist an individual *pro bono* until a duly authorized attorney can properly take over. Rather, they are the calculated actions of an individual who has too often proven himself to be ill-equipped to provide adequate legal representation. *See Katz v. McVeigh*, 2012 WL 1379647 (D.N.H. April 20, 2012) (denying Piccone's *pro hac vice* admission and citing, in turn, the following: *Nolan v. Primagency, Inc.*, 2008 WL 650387, at *2-3 (S.D.N.Y. March 3, 2008) (finding Piccone in contempt of court); *Nolan v. Primagency, Inc.*, 2008 WL 1758644 (S.D.N.Y. April 16, 2008) (case dismissed with prejudice as a sanction because of Piccone's failure to comply with filing requirements); *Pease*, 579 F.Supp.2d at 165 (denying *pro hac vice* status because of Piccone's previous conduct that had been "frequently inappropriate and unprofessional"); *Katz v. McVeigh*, Civil Action No.

---

[2] This, of course, does not include cases that Piccone has pursued on his own behalf. *See, e.g., Piccone v. McClain*, Civil Action No. 09-30146-MLW.

10-178 (D.N.H. Sept. 29, 2010) (dismissing case after no proof of timely service or motion for Piccone's *pro hac vice* admission had been filed, despite "ample time" to do so); *Hankins v. Burton*, Civil Action No. 11-408 (C.D.Ill. Aug. 29, 2011) (ordering that it would accept no further filings from Piccone after he had filed a complaint on behalf of a plaintiff "pending admission *pro hac vice*" but then ignored the court's repeated requests to comply with its admission requirements)).  In all, Piccone has an unfortunate record of compounding the problems of *pro se* litigants, first, by having it appear they could proceed *pro se* and, second, by being ill-prepared himself when given the opportunity to function as an attorney.  The case at bar appears to be more of the same, leading directly to Plaintiffs' failure to appear for a motion hearing despite the warning that, otherwise, their motion would be denied and their case dismissed.

     In light of these circumstances, the court has little choice but to recommend that the case be dismissed.  Dismissal, of course, is a drastic sanction, but it is appropriate when a party exhibits "willful disobedience of the court's order." *Damiani v. Rhode Island Hosp.*, 704 F.2d 12, 16 (1st Cir. 1983).  As the First Circuit explained, "disobedience of court orders is inimical to the orderly administration of justice." *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003).  Here, the court is unable to go forward since, other than purportedly filing a complaint, Plaintiffs have not only been difficult to find but they have failed to appear when ordered to do so.  *Cf. Mulero-Abreu v. Puerto Rico Police Dep't*, 675 F.3d 88, 89 (1st Cir. 2012) (discussing "the folly of treating case-management orders as polite suggestions rather than firm directives").  Granted, Plaintiffs' plight may well have been complicated by their apparent reliance on Piccone.  Piccone, however, is not before the court.  Thus, the court can only address the matter

to those Plaintiffs who, although not identified, have appeared through the filing of their *pro se* complaint.

### III. CONCLUSION

For the reasons stated, the court recommends that Plaintiffs' complaint be dismissed. The court further recommends that, if Plaintiffs avail themselves of the opportunity to object to this recommendation, they be ordered to (1) immediately provide their true names to the court and (2) appear at a hearing before the trial court to address their preparedness to proceed *pro se* without the assistance of Louis Piccone.[3]

DATED: April 2, 2013

          /s/   Kenneth P. Neiman
          KENNETH P. NEIMAN
          U.S. Magistrate Judge

---

[3] Plaintiffs are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), that if they object to these findings and recommendations they must file a written objection with the Clerk of this Court **within fourteen (14) days** of the date of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. Plaintiffs are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).