UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


CAROLYN DOE, ET AL.,            )
          Plaintiffs            )
                                )
               v.               )   C.A. No. 13-cv-30019-MAP
                                )
AMY BRIGGS, ET AL.,             )
          Defendants            )


MEMORANDUM AND ORDER RE:
REPORT AND RECOMMENDATION THAT
PLAINTIFFS' COMPLAINT BE DISMISSED
(Dkt. No. 15)

May 13, 2013

PONSOR, U.S.D.J.

Plaintiffs, proceeding under pseudonyms, have brought this lawsuit against various social workers with the Massachusetts Department of Children and Families ("DCF"), employees of the state juvenile court in Pittsfield, the Berkshire County District Attorney's office, and a court-appointed attorney.

On April 2, 2013, Magistrate Judge Kenneth P. Neiman recommended that the complaint be dismissed. A review of the odd history of the case, and the questionable involvement of a third party, Louis A. Piccone, who is not a member of this court's Bar, make it abundantly clear that the recommendation was correct.

The 51-page complaint was filed pro se, on January 24, 2013. Accompanying the complaint was a motion for leave to

proceed under pseudonyms (Dkt. No. 6), which bore the statement, "This and all related documents were prepared with the aid of Louis Piccone, Esq., admitted in Pa. only."

Judge Neiman set February 27, 2013 as the date for hearing on the motion to proceed under pseudonyms, sending the notice to the Pittsfield address listed in the complaint. (See Dkt. Nos. 8 & 9.) The notice was thereafter returned as undeliverable, and no one appeared for Plaintiffs at the hearing. Judge Neiman then re-noticed the hearing for March 15, 2013, indicating that failure to appear on that day would result not only in denial of the motion to proceed under pseudonyms but also dismissal of the lawsuit. The notice was sent to one Elena Katz, since it appeared from the papers that this might be the correct name for Carolyn Doe. This notice was not returned, but once again no Plaintiff appeared on the day of hearing.

Based on the failure of Plaintiffs to appear as ordered, and on the disturbing involvement of Piccone in yet another case before this court, Judge Neiman recommended that the lawsuit be dismissed.

Dismissal would be appropriate based simply on Plaintiffs' failure to appear as ordered. Litigants have an obligation to keep the court apprised of their current address and to respond for scheduled hearings. Here, Judge

2

Neiman tried twice to get Plaintiffs' attention, and the second time he gave Plaintiffs notice that their failure to respond would result in dismissal.  The record needs nothing more than these facts to justify adoption of Judge Neiman's recommendation of dismissal.

In addition to this, however, and of equal concern, this lawsuit, like others, appears to be choreographed by an individual who is not a member of the Bar of this court, Louis Piccone.  Judge Neiman's Recommendation details Piccone's disturbing attempts in prior litigation to involve himself in a quasi-attorney role, sometimes, it would appear, to the detriment of the actual litigants.  It is long past time for Piccone to stop what smacks of an unauthorized practice of law.  Indeed, one disturbing aspect of this case is the impossibility of discerning how much the actual Plaintiffs are responsible for the unresponsive behavior that has led to the dismissal of this case, and how much they may have relied on incompetent legal advice from Piccone.

In the end this ruling is not difficult.  The will-o'-the-wisp Plaintiffs have failed to appear as ordered, and have only recently, following the recommendation of

dismissal, purported to identify themselves.[1]  A non-member of the Bar of this court with a far from reassuring history is again attempting to insert himself into a case from the sidelines with untoward results.

For the foregoing reasons, the Report and Recommendation of Magistrate Judge Neiman (Dkt. No. 15) is hereby ADOPTED, and the complaint is ordered DISMISSED.  This case may now be closed.

It is so Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge

---

[1] One can only say that they "purported" to identify themselves, since the disclosure is not properly signed by any individual party, but only contains a handwritten notation "Jordan + Carolyn Doe."

4